IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:11-834-CMC |
| v. | **OPINION and ORDER** |
| Lamonte Terrell Davis, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant contends that the Government was without jurisdiction to prosecute him because 18 U.S.C. § 3231 (the federal criminal jurisdiction statute) was not enacted constitutionally. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion.

Defendant advances an argument currently swirling among prisoners and their jailhouse lawyers regarding the validity of the federal criminal jurisdiction statute. Defendant's motion and his response to the Government's summary judgment motion are "unbelievably frivolous." *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007). In response to the Government's dismissal motion, Defendant reiterates that Congress violated the Quorum Clause of the United States Constitution in the passage of Public Law 80-772. *See* Dft's Obj. in Resp. to Gov't Mot. to Dismiss at 2 (ECF No. 84).

In relevant part, the Quorum Clause provides that "a Majority of each [congressional chamber] shall constitute a Quorum to do Business." U.S. Const. art. 1, § 5, cl. 1. Defendant contends that his material proves that a quorum was not present for a vote taken in the House of

1

Representatives when § 3231 was passed into law by the Act of June 25, 1948, Pub. L. No. 80–772, 62 Stat. 683 (codified in scattered sections of 18 U.S.C.). Thus, Defendant concludes, his conviction should be vacated because the Government lacked the authority to bring charges against him and this court lacked jurisdiction to entertain the charges.

Defendant's argument is wholly frivolous and "foreclosed by the 'enrolled-bill rule,' under which a bill certified by the presiding officers of each chamber [of Congress]—as was the case with § 3231, see 94 Cong. Rec. 568 (1948)—is 'complete and unimpeachable.'"[1] *United States v. Small*, 487 F. App'x 302, 303 (7th Cir. 2012) (unpublished) (quoting *Marshall Field & Co. v. Clark*, 143 U.S. 649, 672 (1892)); *United States v. Farmer*, 583 F.3d 131, 151-52 (2d Cir. 2009) (same).

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss or for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

---

[1] The "enrolled-bill rule" precludes a court from looking beyond the signatures of House and Senate leaders in determining the validity of a statute. The District of Columbia Circuit explained the rule to mean that

> [i]t is not competent for a party [challenging the validity of a statute] to show, from the journals of either house, from the reports of committees or from other documents printed by authority of Congress, that an enrolled bill differs from that actually passed by Congress. The only evidence upon which a court may act when the issue is made as to whether a bill asserted to have become a law, was or was not passed by Congress is an enrolled act attested to by declaration of the two houses, through their presiding officers. An enrolled bill, thus attested, is conclusive evidence that it was passed by Congress. The enrollment itself is the record, which is conclusive as to what the statute is.

*Pub. Citizen v. U.S. Dist. Court for D.C.*, 486 F.3d 1342, 1349-50 (D.C. Cir. 2007) (internal quotation marks, brackets, and ellipses omitted) (quoting *Marshall Field & Co. v. Clark*, 143 U.S. 649, 670, 672-73, 675, 680, (1892)); *see also OneSimpleLoan v. U.S. Sec'y of Educ.*, 496 F.3d 197, 203 (2d Cir. 2007) ("[T]he enrolled bill rule 'provides that if a legislative document is authenticated in regular form by the appropriate officials, the courts treat that document as properly adopted.'") (brackets and citation omitted); *United States v. Miles*, 244 F. App'x 31, 33 (7th Cir.2007) (relying on enrolled-bill rule to deny challenge to the validity of 18 U.S.C. § 3231).

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 7, 2013